**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) ) ) ) ) ) ) ) ) | CV-03-1827-PHX-DGC |
| Plaintiff, | | |
| v. | | **ORDER** |
| Lennar Homes of Arizona, Inc., | | |
| Defendant. | | |

The Court held a final trial conference with the parties on June 22, 2006. A number of trial issues were addressed. On the basis of the discussion at the conference and motions previously filed,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Strike Report and Testimony of Brooke Warrick, Ph.D. (Doc. #194) is **granted**. Defendant did not oppose this motion.

2. Plaintiff's Motion to Strike Report and Testimony of Robert H. Taylor (Doc. #191) is **granted**. The motion was filed on March 3, 2006, and Defendant never filed a response. Although defense counsel stated at the final conference that they desired to respond, the time for response has passed. Trial is three weeks away. Defendant's failure to respond constitutes a consent to the Court's granting of the motion. LRCiv 7.2(i).

3. The Court heard oral argument on Plaintiff's Motion to Exclude Testimony of Defense Expert James Ward, Ph.D. (Doc. #178). Defense counsel stated during the argument

1  that Defendant will not present Dr. Ward to testify about the importance of customer
2  satisfaction generally or to testify that the customer satisfaction results at the Arroyo Verde
3  and Monterey communities were below the mean for Defendant's properties.  Defendant
4  does intend to have Dr. Ward testify that the problem of small sample size for the surveys
5  can be overcome by pooling the results to increase the sample size.  Dr. Ward provided such
6  an opinion in his expert report.  *See* Doc. #178, Ex. B at 3.  The Court will permit Dr. Ward
7  to express this opinion, provided adequate foundation is laid.

8        Given Defendant's concessions during the hearing and the merits of Plaintiff's
9  motion, the motion is **granted** with respect to Dr. Ward's opinions about the value of
10 customer satisfaction in business generally and about the actual customer satisfaction levels
11 at the Arroyo Verde and Monterey communities.  To the extent Dr. Ward is asked to express
12 opinions other than the opinion on pooling of survey results discussed above, the Court will
13 entertain objections from Plaintiff at the time of his testimony.  In no event will Dr. Ward be
14 permitted to express opinions that were not set forth in his expert reports.

15       4.    The Court heard oral argument on Defendant's Rule 37 Motion to Exclude
16 EEOC's Damages Claim.  Doc. #242.  The Court took this motion under advisement.

17       Plaintiff disclosed its intent to seek back pay in this case in its first disclosure
18 statement on December 19, 2003.  Doc. #242, Exhibit.  Plaintiff also disclosed that the claim
19 would be for the difference between wages actually earned by the claimants and wages they
20 would have earned had they not been terminated by Defendant.  *Id*.  The first disclosure
21 statement provided damages amounts (without computations) for claimants Judge, Nikrant,
22 and Cameron.  *Id*.

23       In their third supplemental disclosure statement, dated November 23, 2004, claimants
24 provided a detailed explanation of the damages calculation for claimant Cameron.  *Id*.  They
25 did not provide such an explanation for the other claimants.  When claimants were asked in
26 their depositions to state the amount of their damages, they did not provide calculations, but
27 instead simply stated that they would seek damages for lost wages in the amount permitted
28 by law.

1    On February 11, 2005, Plaintiff submitted the expert report of Dr. Tun. *Id.* Dr. Tun
2 calculated back pay damages for each of the claimants and provided charts reflecting his
3 computations. Dr. Tun was deposed and a counter-expert was designated by Defendant.

4    Shortly before the Final Pretrial Conference on March 17, 2006, Plaintiff notified
5 Defendant that Dr. Tun was being withdrawn as a witness in this case. Doc. #247, Ex. 1.
6 Plaintiff stated that it would supplement its damages disclosures in light of this development.
7 *Id.* at Ex. 2. It was not until May 30, 2006, weeks before trial and months after the close of
8 discovery and motion practice, that Plaintiff provided a tenth supplemental disclosure
9 statement setting forth a back pay damages computation for each claimant. *Id.* at Ex. 3.

10   Early in the case, Plaintiff had stated that one of the paralegals employed by Plaintiff's
11 counsel might testify about the calculation of back pay damages. Doc. #242, Exhibit. The
12 paralegal never produced an expert report setting forth such calculations and was never
13 deposed by Defendant on this subject. Plaintiff's counsel agreed at the hearing that the
14 paralegal was not deposed because the parties anticipated that Dr. Tun would present
15 Plaintiff's damages case.

16   With Dr. Tun withdrawn, Plaintiff now proposes to present its damages case through
17 claimants and the paralegal. Plaintiff apparently intends to have each claimant testify about
18 the amount of money earned while employed at Defendant and the amount of money earned
19 since that time, and then do the math to calculate the difference. Plaintiff may also have the
20 paralegal perform these computations, and will have her testify about interest rates that
21 should be applied to the lost wages quarter-by-quarter, based on published interest rates from
22 the Internal Revenue Service. The claimants and paralegal have never been deposed on these
23 subjects. Thus, although Defendant has conducted discovery into the jobs held and the
24 money earned by claimants since they left Defendant's employment, the claimants have
25 never testified about damages calculations and the paralegal has never been deposed about
26 those calculations or the application of IRS interest rates.

27   Moreover, Plaintiff asserts a claim for front pay. Plaintiff will ask the Court, as an
28 alternative to reinstatement, to award future lost wages to the claimants. Counsel for Plaintiff

- 3 -

1  stated that he did not know how Plaintiff would present evidence concerning the present
2  value of such lost wages.

3  Defendant makes the point that this is not a simple damages case. The claimants were
4  employed in the real estate business and experienced significant fluctuations in their income
5  from year to year. Thus, determining how much they would have earned had they continued
6  to be employed in the real estate business with Defendant is no easy task. Although
7  Defendant knows from Plaintiff's recent disclosures the amount the claimants will claim they
8  would have earned, Defendant does not know how they will justify that amount or how they
9  will respond to specific questions. The purpose of the discovery and disclosure rules, of
10 course, is to prevent this disadvantage. Parties are to be given an opportunity to understand
11 and investigate the opposing side's case before trial.

12 Plaintiff was required to reveal a "computation" of its damages claim in a written
13 disclosure statement under Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.
14 Although Plaintiff disclosed a single damages amount for three of the claimants in its first
15 disclosure statement, such a disclosure does not satisfy the "computation" requirement.
16 "[T]he 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis."
17 *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal.
18 2003). Plaintiff included a computation for claimant Cameron in its third disclosure
19 statement, but not for the other four claimants.

20 Plaintiff's tenth disclosure statement, provided to Defendant on May 30, 2006,
21 included a computation of damages for all five claimants. This was the first computation
22 disclosure in a Rule 26 disclosure statement (other than for claimant Cameron), and it was
23 untimely. Rule 26(e)(1) requires a party to supplement its disclosure statement "at
24 appropriate intervals." For a case that has been pending almost three years, and in which
25 discovery and motion practice closed months ago, a supplemental disclosure statement filed
26 weeks before trial is not filed at an "appropriate" interval, particularly when it concerns a
27 damages computation that has been known to Plaintiff for more than one year.
28 / / /

Were this the only relevant rule, the Court would be inclined to hold that Plaintiff has failed to satisfy its disclosure obligations. Rule 26(e)(1) also states, however, that a party must supplement "its disclosure statement under subdivision (a) if the party learns that in some material respects the information disclosed is incomplete or incorrect *and if the additional or corrective information has not otherwise been made known to the other party during the course of the discovery process or in writing*." (Emphasis added.) In this case, Plaintiff's damages computation for all five claimants was made known to Defendant in the expert report of Dr. Tun dated February 11, 2005. Plaintiff's counsel avowed at the final conference that the damages computation contained in the tenth supplemental disclosure statement applies the same methodology as Dr. Tun's report and has simply been updated to the time of trial, with some reduction in the applicable rate of interest. The Court concludes that because the damages computation was "otherwise made known" to Defendant through Dr. Tun's report, Plaintiff was not required to include it in a Rule 26(e)(1) supplement and should not be sanctioned for failing to do so in a timely manner.

The Court also notes that Defendant has conducted substantial discovery concerning the claimant's alleged damages, including obtaining documents and testimony about jobs held and income earned by the claimants since they left Defendant's employment. This discovery has been conducted precisely because Defendant knew Plaintiff was asserting a claim for back pay on behalf of the five claimants.

But this does not solve the problem of Defendant never having had an opportunity to depose the claimants on the damages testimony they now intend to give at trial. The Court concludes that this problem can be solved with an order short of dismissing Plaintiff's damages claims. Between now and the beginning of trial on July 14, 2006, Defendant will be permitted to depose the five claimants, for up to two hours each, on the damages testimony they will give at trial. Plaintiff shall make the claimants available at a time and place noticed by Defendant.

The Court is more troubled by the proposed use of Plaintiff's paralegal as a damages witness at trial. Although the paralegal was identified as a possible damages witness in

- 5 -

1 Plaintiff's early disclosure statements, this prospect vanished when Plaintiff identified Dr.
2 Tun. The paralegal was never deposed and Plaintiff never provided disclosures concerning
3 her testimony. With Dr. Tun withdrawn, Plaintiff again proposes to use the paralegal as its
4 damages witness.

5 Plaintiff would use the paralegal to compute each claimant's damages, identify and
6 apply a fluctuating IRS interest rate to the various quarterly damages calculations for each
7 claimant, and possibly provide a present value calculation for Plaintiff's front pay claim. The
8 Court concludes that such testimony falls under Rule 702 of the Federal Rules of Evidence
9 because it requires the application of "scientific, technical, or other specialized knowledge."

10 Rule 701 states that lay witness may provide opinion testimony that is "not based on
11 scientific, technical, or other specialized knowledge withing the scope of Rule 702." The
12 purpose of this limitation is "to eliminate the risk that the reliability requirements set forth
13 in Rule 702 will be evaded through the simple expedient of proffering an expert in lay
14 witness clothing." F.R.E. 701 Advisory Committee Notes (2000 Amendment). The
15 provision "also ensures that a party will not evade the expert witness disclosure requirements
16 set forth in Fed.R.Civ.P. 26 . . . by simply calling an expert witness in the guise of a
17 layperson." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*
18 § 701App.03[2] (2d ed. 2005).

19 The paralegal in this case would not be testifying as a lay witness about events she
20 observed or conversations she heard. Nor would she be recounting a calculation she did as
21 part of the underlying events in this case. Rather, she would be applying mathematical,
22 accounting, and interest principles to calculate claimants' damages. This testimony falls
23 squarely within Rule 702.

24 Rule 26(a)(2)(A) requires a party to "disclose to other parties the identity of any
25 person who may be used at trial to present evidence under Rules 702, 703, or 705 of the
26 Federal Rules of Evidence." Rule 26(a)(2)(B) requires such witnesses to provide detailed

expert reports if they are "retained or specially employed" for this purpose.[1] The Court required Plaintiff to make these Rule 26 disclosures by February 11, 2005. Doc. #55. Although Plaintiff previously had disclosed the paralegal as a possible witness on damages, Plaintiff did not disclose her pursuant to the Court's order as a witness who would provide testimony under Rule 702 and did not provide a Rule 26(a)(2)(B) report setting forth the opinions she would provide at trial. As a result, Defendant has not been afforded the disclosures and the discovery opportunities the federal rules require.

Rule 37(c)(1) states that "[a] party that without justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." The Court cannot conclude that the untimely designation of Plaintiff's paralegal as a Rule 702 damages expert has been made with justification. Plaintiff's withdrawal of Dr. Tun appears to have been a strategic decision. Plaintiff has provided no explanation for the decision other than passing references to the fact that Dr. Tun did not provide the testimony Plaintiff had hoped. Such a strategic decision certainly is Plaintiff's to make, but it does not provide justification for the late disclosure of an alternate Rule 702 witness.

Nor does the Court find the late disclosure of the paralegal as a substitute for Dr. Tun to be harmless. Trial is only weeks away. Defendant prepared to face Dr. Tun as an expert, not the paralegal. The paralegal has not produced a report and has never been deposed. Motions directed to the qualifications of experts and other Rule 702 issues were due months ago and have been resolved. Moreover, matters raised in discovery related to this witness might have been addressed in summary judgment briefing completed in 2005.

/ / /

---

[1] Although there is some question whether the paralegal constitutes an expert "retained or specially employed" within the meaning of Rule 26(a)(2)(B), she is being presented as a substitute for Dr. Tun, Plaintiff's designated expert. Had this issue arisen in a timely fashion, the Court would have held that the paralegal must provide an expert report just like the witness she is replacing.

- 7 -

1  In short, Defendant has been deprived of the opportunity to depose, evaluate, and file
2  motions concerning the paralegal as a Rule 702 witness on one of the critical issues in this
3  case – the amount of claimants' damages.  Such an effect is not harmless.  The Court holds
4  under Rule 37(c)(1) that the paralegal will not be permitted to testify as a damages witness
5  at trial.

6  In summary:

7  1.  Defendant's Rule 37 Motion to Exclude EEOC's Damages Claim (Doc. #242)
8      is **granted** with respect to Plaintiff's paralegal, but **denied** with respect to
9      damages testimony by the claimants.  This ruling will not preclude Defendant
10     from asserting appropriate objections at trial concerning the claimants'
11     testimony about lost future earnings, the application of IRS interest rates, and
12     similar matters.[2]

13 2.  Between now and the start of trial on July 14, 2006, Defendant shall be
14     permitted to depose the claimants for up to two hours each on their damages
15     testimony.  Plaintiff shall make the claimants available for such depositions at
16     a time and place notice by Defendant.

17 DATED this 23rd day of June, 2006.

_____
David G. Campbell
United States District Judge

---

[2] This might result in Plaintiff being unable to present the interest calculations that otherwise would have been presented by Dr. Tun or the paralegal.  Although this would likely reduce the amount of damages available to Plaintiff, the Court concludes that such a result is required by Plaintiff's failure to comply with disclosure obligations set forth in the federal rules.