# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br><br> vs. <br><br> Lennar Homes of Arizona, Inc., <br><br> Defendant. | **CIV 03-1827 PHX DGC** <br><br> **CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Lennar Homes of Arizona, Inc. ("Lennar" or "Defendant") to enforce the Age Discrimination in Employment Act of 1967 ("ADEA") and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In its Complaint, the Commission alleged that Lennar terminated employees who are at least 40 years of age and older because of their age, including Jacque Judge, Carol Nikrant and Gordon Cameron II, from their positions as Sales Consultants because of their ages, 55, 60 and 56, respectively ("Charging Parties"). Subsequently, the EEOC identified Gregory Leach and Charlyne Sheehan as persons for whom the EEOC sought relief (Charging Parties Leach and Sheehan shall hereafter be designated collectively as "Complainants"). Lennar denied the foregoing allegations in their entirety and alleged numerous defenses, including that the Charging Parties were terminated due to the closing of the communities in which they worked, the fact that that Charging

Parties' customer service scores were lower than others at Lennar, Sheehan quit, Leach was not qualified for his position, and other legitimate business reasons. It is expressly understood that Defendant's agreement to enter into this Consent Decree is not and shall not be construed as an admission of any violation of law or other wrongdoing.

The parties do not object to the jurisdiction of the Court over this Action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved finally by entry of this Decree.

It is hereby ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims of the Commission, Complainants and all other employees whose interests are represented by the Commission in this matter against Lennar, including but not limited to allegations of back pay, front pay, reinstatement, interest, injunctive relief, attorney's fees and costs arising out of the issues in this lawsuit.

2. For the duration of this Decree, Defendant at its Phoenix, Arizona area facilities will not retaliate in violation of ADEA against any employee because the employee assisted or participated in the investigation of the claims or in this litigation brought by the Commission, including Jacque Judge, Carol Nikrant, Gordon Cameron II, Gregory Leach and Charlyne Sheehan.

3. Within fourteen (14) business days of the entry of this Decree, Lennar shall make a payment in the amount of four hundred and twenty five thousand dollars ($425,000.00), half of which will be designated as backpay and half of which will be designated as liquidated damages in resolution of all claims asserted in this case. The payments for liquidated damages will be reported on a Form 1099 by January 31, 2007. The FICA and federal and state withholding taxes shall be deducted from the amount designated as back wages. Lennar shall pay the employers share of FUTA and FICA on the backpay amount.

4.	The amount set forth in paragraph 4 of this Decree shall be paid by Lennar in the form of a payroll check, payable to Complainants in the amounts set forth in Attachment A. Such check or money order shall be mailed directly by Lennar to the addresses to be provided by the Commission. Within three business days of the issuance of the check or money order, Lennar shall submit a copy of the check or money order, and related correspondence, to the United States Equal Employment Opportunity Commission, Regional Attorney, 3300 North Central Avenue, Suite 690, Phoenix, Arizona, 85012.

5.	Lennar shall post, for the duration of this Decree, in a prominent place frequented by its employees, including, both at the time that this Decree becomes effective and for the duration of this Decree, the Notice attached hereto as Attachment B. The Notice shall be the same type, style and size as set forth in Attachment B.

6.	Lennar shall provide a one hour seminar/training regarding the ADEA to all Phoenix, Arizona area resident employees in Lennar within six months of the entry of this Decree.

7.	The seminar shall include the subject of what constitutes age discrimination, that age discrimination in the recruitment, hiring, firing, layoff, compensation, assignment or other terms, conditions or privileges of employment violates the ADEA, how to prevent age discrimination; how to provide a work environment free from age discrimination; to whom and by what means employees may complain if they believe they have been subjected to age discrimination in the workplace; Lennar's statutory obligations under the ADEA in general, and in particular its obligation not to discriminate on the basis of age in employment decisions concerning the continuing employment of current staff; and objective, non-discriminatory decision-making and proper procedures for evaluations, reductions in force and layoffs.

8.	Within 30 days of the entry of this decree, Lennar shall mail to the Complainants a letter of reference which lists their dates of employment, position(s) held, and salary.

9. Lennar shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree the following information:

   A. Confirmation that Lennar's equal employment opportunity training listed in Paragraph 6 of this Decree occurred.

   B. Lennar shall maintain all records concerning its implementation of this Consent Decree during the term of the Decree.

   C. Confirmation that the Notice required in Paragraph 5 of this Decree was posted and the locations where it was posted.

10. The parties shall each bear their own costs, and the Commission and Lennar shall each bear their own attorneys' fees incurred as a result of this action through the filing of this Decree.

11. The duration of this Decree shall be twelve (12) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree.

12. This Decree shall expire by its own terms at the end of twelve (12) months from the date of entry, without further action by the parties.

13. If any provision(s) of this Consent Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall remain in full force and effect.

14. The parties agree to entry of this Decree, subject to final approval by the Court.

15. If a question of compliance with the non-monetary terms of the Decree arises, the Commission shall give written notice to Defendant of its alleged non-compliance and Defendant shall have a minimum of sixty (60) days to cure any non-compliance. If the Commission believes that the alleged non-compliance has not been cured, the parties shall meet and confer to exhaust these attempts to resolve the issue of non-compliance.

16. No affirmative obligation of Lennar in this Decree shall apply to related entities and affiliates of Lennar (including, but not limited to, Lennar Corporation, Lennar Communities Development, Inc., Lennar Construction, Inc., Lennarstone Marketing Group, L.L.C., Greystone Communities Development, Inc., Greystone Construction, Inc., Greystone homes, Inc., U.S. Home Corporation, U.S. Home of Arizona Construction Co., or other entity created after May 30, 2000).

DATED this 17th day of July, 2006.

_____
David G. Campbell
United States District Judge

APPROVED AND CONSENTED TO THIS  12th  DAY OF JULY, 2006:

LENNAR HOMES OF ARIZONA, INC.

 s/ L. Christian Marlin
L. Christian Marlin
Vice President

 s/ Ted D. Meyer
Ted D. Meyer
JONES DAY
717 Texas Avenue
Suite 3300
Houston, Texas 77002

Attorneys for Defendant

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

s/ Mary Jo O'Neill

MARY JO O' NEILL
Regional Attorney

 s/ Sally Shanley
SALLY SHANLEY
 Supervisory Trial Attorney

 s/ P. David Lopez
P. DAVID LOPEZ
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012

Attorneys for Plaintiff

# Attachment A

|  | Back Pay | Liquidated Damages | Total |
|---|---|---|---|
| **Gordon Cameron** | $ 67, 500 | $ 67, 500 | $ 135,000 |
| **Jacque Judge** | $ 60,000 | $ 60,000 | $ 120,000 |
| **Carol Nikrant** | $ 60,000 | $ 60,000 | $ 120,000 |
| **Charlyne Sheehan** | $12, 500 | $12, 500 | $   25,000 |
| **Greg Leach** | $12, 500 | $12, 500 | $   25,000 |
| **Total** | $ 212, 500 | $ 212, 500 | $ 425,000 |

**ATTACHMENT B**


**NOTICE TO ALL EMPLOYEES OF**
**Lennar Homes of Arizona**


It is unlawful under federal law Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of age.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Lennar Homes will not discriminate against any employee on the basis of age and will not retaliate against any employee.

If you believe you have been discriminated against by Lennar Homes, you have the right to seek assistance from:

(1) EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2) Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

or have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

<u>No Retaliation Clause.</u>  No action may be taken against you by any supervisory or management official of Lennar Homes for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.


Dated: _____
                            Senior Vice President of Human Resources
                            Lennar Homes